(No. 19909.

D. Fred Tripp, Appellee, *vs.* Edward W. Payne, Exr., Appellant.

*Opinion filed April 17, 1930.*

E. S. Smith, for appellant.

Charles S. Andrus, and Lawrence Hoff, for appellee.

Mr. Justice Samuell delivered the opinion of the court:

Mary E. Tripp died testate on February 23, 1928, leaving surviving her the appellee, D. Fred Tripp, her son and only heir-at-law. Her will, dated April 5, 1920, was ad-

mitted to probate by the probate court of Sangamon county, and appellant was appointed and qualified as executor. Thereafter this suit was instituted by appellee for the purpose of having certain provisions of the will declared void. After the filing of the original bill an amended bill was filed, which alleged, among other things, that the purported will bequeathed all of the property of the testatrix to Edward W. Payne as trustee; that appellee was married to Ethel Mae Virden on February 14, 1916; that he has one daughter of this marriage, she being nine years of age on April 14, 1928; that he was never married before, and that his wife is the wife alluded to in the purported will; that she is a woman of high character and that she has been a good, true, faithful and helpful wife; that there has never been any separation between them or any separation ever contemplated, and that their marital relationship has been a happy one. The bill then sets out the third clause of the will, which is in part as follows:

"The residue of the income shall be accumulated for a period of twenty-one years after my death, provided, that in case the present wife of my son, Fred Tripp, shall die during said period or in case the said Fred Tripp, shall cease to live with his present wife then the net income arising from said trust shall be paid to the said Fred Tripp during such time as he shall not live with his said wife, and after said twenty-one year period said net income shall be paid by said trustee to some one or more charitable institutions in the State of Illinois engaged in caring for orphans. Provided, also, if during the period of twenty-one years provided for herein the said Fred Tripp shall die leaving issue surviving, out of the income the trustee shall apply such sums as may be necessary to the support and education of said issue in his discretion, and accumulate the balance of said income.

"This trust shall continue until one year after the death of my son, Fred Tripp, provided however, in case he should

die leaving his present wife as his widow, said trust shall continue until one year after her death.

"The trust estate, upon the termination of this trust shall be divided among and vest in such of the descendant or descendants of my said son as may be living at the time of the termination of this trust, to-wit: one year after the death of my said son, in case he dies not leaving his present wife as his widow, and one year after the death of the present wife of my said son, Fred Tripp, in case he dies leaving his present wife as his widow, *per stirpes,* and not *per capita.*

"In case, at the termination of this trust, as herein provided, there shall be no descendant or descendants of my said son then surviving, the trust estate shall go to some one or more charitable institutions in the State of Illinois, engaged in caring for orphans, as may be determined and decided by my said trustee."

The bill further alleged that the provisions of this clause are contrary to the laws of the State of Illinois and against public policy, as tending to, and intended to, induce a separation between appellee and his wife, and that such provisions are therefore invalid, illegal, null and void. A guardian *ad litem* was appointed for the infant daughter of appellee and an answer filed by him. The executor, Edward W. Payne, filed a general demurrer to the bill, and the same was overruled. He thereupon filed an answer denying the material allegations of the bill. The cause was heard by the chancellor and a decree entered finding that the allegations of the bill were true; that the provisions of the third item of the will were contrary to the laws of the State of Illinois and against the public policy of the State as tending, and intended, to induce a separation between appellee and his wife; that said provisions were therefore null and void; that the trust was an entirety and therefore the entire will was invalid and that the will should be set aside and the property of the testatrix should be distributed as intestate

property. From this decree the executor has appealed to this court.

The principal question presented for our determination is whether or not the provisions of item 3 contravene the public policy of this State and are void.

The public policy of the State is to be found embodied in its constitution, its statutes and the decisions of its courts. (*Miller* v. *Ousley,* 334 Ill. 183; *People* v. *City of Chicago,* 321 id. 466.) There can be no doubt that the weight of authority in other jurisdictions is that a condition attached to a bequest or devise tending to cause a separation of husband and wife is void as being contrary to public policy and public morals. (28 R. C. L. 328; 40 Cyc. 1703; 49 L. R. A. (n. s.) 637, note.) If, however, the constitution and statutes of this State have declared our public policy on this question or if the question has been passed upon by our courts we must look to such enactments or decisions and not to those of other jurisdictions. Our attention has not been called to any provision of our constitution or of our statutes touching on this question, and we must therefore look to the decisions of our courts.

This court has held as early as 1872, in a divorce case, that "though a suit for a divorce, upon its face, is a mere controversy between the parties to the record, yet the public occupies the position of a third party. Society has an interest in every marriage, and it is the duty of the State, in the conservation of the public morals, to guard the relation." (*Way* v. *Way,* 64 Ill. 406.) In *Leland* v. *Leland,* 319 Ill. 426, we adhered to that rule. We there said: "Marriage is a civil contract to which there are three parties: the husband, the wife and the State; and while a suit for divorce upon its face is a mere controversy between the parties to the record, yet the public occupies the position of a third party, and it is the duty of the State, in the conservation of the public morals, to guard the relation. (*Way* v. *Way,* 64 Ill. 406.) In Christian nations marriage

is not treated as a mere contract between parties * * * but rather as a status based upon public necessity and controlled by law for the benefit of society at large." The rule stated in these cases shows that it is the public policy of this State to safeguard and protect the marriage relation. Indeed, that relation is the foundation stone of modern society in civilized countries, and we think sound public policy dictates that the relation should not be allowed to be interfered with. Nor does the fact that our laws recognize and make provision for divorce militate against this conclusion. The laws relating to divorce merely recognize that there are exceptional cases where one may be wronged by his or her spouse, and that in such case it would be unjust to force the injured spouse to continue in the relationship. The effect of the laws relating to divorce is merely that when one has been wronged by his or her spouse in a manner provided by the statute, such injured party may have the marriage dissolved. But that does not indicate any public policy to encourage divorce.

Appellant cites the case of *Ransdell* v. *Boston,* 172 Ill. 439, as controlling in this case. While the trust created by the will in that case was similar to the one now before us, it there appeared that the parties had been separated for several years before the will was executed and that a divorce suit had been pending for some time. We there said: "Certainly, it cannot be said that the condition tended to encourage either the separation or the bringing of a divorce suit, both having taken place long prior to the execution of the will." Obviously, the case is not in point here, for in this case no separation had occurred between appellee and his wife and none had ever been contemplated.

It remains to be determined whether the clause in question would tend, if allowed to stand, to bring about a separation between appellee or was intended to have that effect. The proviso is, "that in case the present wife of my son, Fred Tripp, shall die during said period or in case the said

Fred Tripp, shall cease to live with his present wife then the net income * * * shall be paid to the said Fred Tripp during such time as he shall not live with his said wife." There can be but one reasonable inference drawn from this language: that the testatrix intended by this provision of her will to encourage a separation between appellee and his wife. The income was to be withheld from him if he continued in the marital relation with her; it was to be paid to him if he did not. Such a provision could have had no other purpose than to induce a separation between these two people, who, so far as disclosed by the evidence, are living together in the greatest of harmony and marital felicity. Since the provision would tend to induce a separation it is clearly contrary to the public policy of this State and is void.

What, then, is the effect of this void provision of the will upon the remaining portions of the will? If the fourth item of the will was an essential and indivisible part of the trust scheme of the testatrix the invalidity of the provision will invalidate the whole will, since the court manifestly cannot write a new will for her. (*Lawrence* v. *Smith*, 163 Ill. 149.) The first clause of the will directs the payment of debts. The second gives and devises all of the residue and remainder of the estate to the trustee and defines his powers. The third names the beneficiaries of the trust, and contains the provision which, as we have seen, is void. The fourth places certain limitations on the power of the beneficiaries to anticipate the income; and the fifth, and last, appoints the executor. It is apparent that the third clause is an essential part of the scheme of the will. Without any beneficiaries named the entire trust must fail. The invalidity of the third clause therefore invalidates the entire will and the property descends as intestate property.

The decree of the circuit court is right, and it is therefore affirmed.                                        *Decree affirmed.*