(No. 28127.—

META WINTERLAND *et al.*, Appellees, *vs.* HENRY WINTER-
LAND *et al.*, Appellants.

*Opinion filed January 17, 1945—Rehearing denied March 15, 1945.*

L. EARL BACH, BRACKEN, LIVINGSTON, MURPHY &
BARGER, THOMAS M. BARGER, JR., guardian *ad litem,*

(WILLIAM R. BACH, and WILLIAM J. BACH, of counsel,) all of Bloomington, for appellants.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

John Winterland died testate March 25, 1928, leaving surviving a widow and eleven children. His last will and the codicil thereto were admitted to probate in the county court of McLean county on April 12, 1928. The will, which was made in June, 1926, gave to his wife, Anna, a life estate in his real property and directed that upon her death or remarriage, the same should be sold by his executor and the proceeds divided equally among his children. A year after the making of the will the testator executed the codicil thereto, the first clause of which is as follows:

"First: I now modify the Third Clause of said Original Will and direct and will that the equal share therein contemplated to be given to my son, George Winterland, if he should survive me, is given, devised and bequeathed to my son Henry Winterland, but in trust nevertheless that he shall keep said share safely invested and pay the income therefrom in cash into the hands of my said son George, so long as he may live or until his present wife shall have died or been separated from him by absolute divorce. If either of those events shall occur during the life of my said son, George, then the principal of said share shall be paid to him, my said son George, as his absolute and unlimited estate. If, however, my said son George shall die prior to my death or having survived me shall die prior to the occurring of either of the two possible events aforesaid, then the principal of his said share shall be divided and is given by me equally between my children then surviving, or if any of such children shall have died leaving children him or her surviving, then such children shall take the share the parent would have taken, if living."

By the next clause of the codicil the testator appointed as executor his son, Henry Winterland; and by the last

clause he declared his original will, as modified by the codicil, to be his last will and testament.

George Winterland mentioned in the codicil was the husband of the appellee, Meta Winterland, to whom he was married on February 26, 1920. He resided with her continuously from the time of the marriage until the date of his death, which occurred June 7, 1940. They were never separated nor divorced, and have one child, the appellee, Elmer Winterland, who was born December 16, 1920.

The widow of the testator died December 3, 1935, and thereupon the executor sold the real estate and made distribution of the proceeds, retaining, however, in trust for his brother George a one-eleventh part thereof, which amounted to $5523.54. This fund was invested by him, as trustee, in a real estate mortgage and the income therefrom was by him from time to time paid to George until the death of the latter. Upon the death of George intestate in 1940, his said wife and son filed this suit, in the circuit court of McLean county, seeking to have the codicil declared null and void and to compel Henry Winterland, the trustee, to account and pay said fund to them. Their contention is that the provisions of the codicil tended to promote divorce and are contrary to good morals and against public policy; that therefore the said George Winterland, under the original will of his father, became the absolute owner of a one-eleventh part of the proceeds arising from the sale of his father's real estate, and upon his death one third of his share descended to appellee, Meta Winterland, his widow and two thirds to appellee, Elmer Winterland, his son. The circuit court entered a decree in their favor, which has been affirmed by the Appellate Court.

It may readily be conceded that conditions annexed to a gift, the tendency of which is to encourage divorce or bring about a separation of husband and wife, are against public policy and void. (*Tripp* v. *Payne,* 339 Ill. 178; *Ransdell* v. *Boston,* 172 Ill. 439.) However, the question

as to what conditions, when annexed to a gift, would have a tendency to encourage or induce a separation or divorce must depend upon the circumstances of each particular case. (*Tripp* v. *Payne,* 339 Ill. 178; *Ransdell* v. *Boston,* 172 Ill. 439.) Hence, this court has held that where the separation is already an accomplished fact and a divorce suit then pending, a condition in a will whereby the life estate given the testator's son is to be enlarged to a fee in case he should become divorced from his then wife cannot be said to encourage either separation or bringing of a suit for divorce, as both had already taken place, (*Ransdell* v. *Boston,* 172 Ill. 439,) and has held that where no separation had occurred between husband and wife and none was contemplated, a provision in a will that the income from the testatrix's estate should be withheld from her son so long as he continued to live with his present wife, but should be paid to him in case he ceased to live with his said wife, would tend to induce a separation. (*Tripp* v. *Payne,* 339 Ill. 178.) It is true, as appellants point out, that in the case now before us the testator's bounty was only partially withheld from his son George in the event he should not be divorced, while in the case last cited the son received nothing so long as he continued to reside with his wife; but it is difficult to see why there should be any distinction between the two gifts on that account. In both cases the donee was to receive the benefit of a gift upon becoming separated or divorced; and we must conclude that there is no difference in principle or effect whether all or a part of the testator's bounty is withheld because of failure of the condition. It is the public policy of this state to safeguard and protect the marriage relation, and this court will hold as contrary to that policy and void any testamentary provision tending to disturb or destroy an existing marriage. (*Tripp* v. *Payne,* 339 Ill. 178.) The natural tendency of the provision of the testator's codicil giving to his son George the *corpus* of the trust estate

upon his becoming divorced from his wife is to encourage divorce, and for that reason it is void, notwithstanding they continued undivorced and living together until the date of his death.

The question then arises, what is the effect of the invalidity of the condition contained in the codicil requiring George and his wife to be divorced? A condition precedent annexed to a devise will, if void, prevent the devise from taking effect. The void condition being precedent, the estate which depends thereon is also void. (*Jackson* v. *Knapp,* 297 Ill. 213; *Ransdell* v. *Boston,* 172 Ill. 439; Blackstone's Com. vol. 2, 156-157.) The rule in this State is that the principles applicable to the vesting of real estate apply generally in the case of personal property. (*Green* v. *Old People's Home,* 269 Ill. 134; *Hobbie* v. *Ogden,* 178 Ill. 357.) It is therefore unnecessary to discuss the distinction formerly existing between the effect of void conditions precedent upon gifts of real estate and their effect upon gifts of personal property. By the provisions of the codicil an absolute future estate was created to vest in George Winterland upon the happening of one of two contingencies, *viz.,* his survival of the death of his wife or his becoming divorced from her. The first is a lawful contingency. It is a common provision in wills that a devise or bequest shall vest in certain beneficiaries upon the death of a person named. Such conditions have never been held invalid. The second, as we have shown, is contrary to public policy and therefore void. This is not a case of the absolute future estate being given to George upon one condition precedent consisting of several particulars, in which event every particular must be performed before the estate can vest; (*Becker* v. *Becker,* 241 Ill. 423; *Nevius* v. *Gourley,* 95 Ill. 206;) but is a case of two separate and independent conditions precedent, upon the performance of either of which the absolute estate given to George was to vest, regardless of the performance or nonperformance of

the other. The valid condition precedent failing upon the death of George in his wife's lifetime, the limitation over created by the codicil then vested in the testator's surviving children, the descendants of any deceased child taking the share the parent would have taken if living.

It is insisted by appellee that a contrary doctrine has been announced by this court in the case of *Tripp* v. *Payne,* 339 Ill. 178. It is apparent from a reading of the opinion in that case that the questions which we have discussed and upon which we are basing our decision here were not presented to and evidently not considered by the court in its decision.

For the reasons stated, the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court of McLean county, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE GUNN, dissenting:

I cannot agree with the majority opinion. It is predicated upon the proposition that there are two conditions precedent contained in the codicil, and that the failure of either condition would cause the gift over to take effect and deprive appellees of their share in the estate. One condition is that George Winterland survive his wife; the other that George be divorced from his wife. The opinion finds that one condition was legal and the other against public policy, and that the legal condition was not performed, since George died before his wife, and therefore the codicil is enforcible as to the gift over to appellants. The objection to this conclusion is that both of these provisions are contained in the same sentence and are so closely connected, both in grammatical form as well as in thought and implication, as to render the whole codicil contrary to public policy.

It is undoubtedly proper to provide in a will that an estate may or may not vest, depending upon the survival of a named individual. This case presents, however, one where the children of a son are disinherited unless the wife and mother either dies before the son or is divorced from him. It is perfectly clear to my mind that the central idea of the testator was to compel the son to get rid of his wife. If she died naturally or otherwise or was divorced the son took his full share, otherwise not. Connected as these provisions are in the same sentence, it seems to me that both are clearly against public policy; that the supposed legal condition is so closely connected with the admittedly invalid one and obviously for the same purpose, that therefore even though one might be legal, yet the combination of the two, providing, as they do, for the only means by which a separation of husband and wife may be terminated, renders the whole provision void.

I think *Tripp* v. *Payne,* 339 Ill. 178, fully supports this proposition. It is there said: "If the fourth item of the will was an essential and indivisible part of the trust scheme of the testatrix the invalidity of the provision will invalidate the whole will."

So in this case if the provision contained in the present codicil was an essential and indivisible part of the means by which the testator hoped to prevent his daughter-in-law from having any interest in his estate, it cannot be regarded other than one unenforcible provision rather than a combination of an invalid one and a lawful one. I think the majority opinion entirely overlooks the implication in the *Tripp case,* and for that reason I think the decree of the circuit court should be affirmed.

STONE and WILSON, JJ., concur in the foregoing dissenting opinion.