Genevieve Juinelle Getz, Appellant, v. Carl Maurice Getz, Appellee.

Gen. No. 9,552.

Opinion filed October 29, 1947. Released for publication November 25, 1947.

GUY L. SMITH, of Pana, for appellant.

D. W. JOHNSTON, of Taylorville, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Plaintiff appellant, Genevieve Juinelle Getz, brought suit for divorce from her husband, defendant appellee, Carl Maurice Getz, on the ground that he had been convicted of a felony. The complaint charged that the defendant had been convicted by a general court-martial of deserting from the United States Army in time of war and sentenced to serve 25 years at hard labor at an Army Disciplinary Barracks. Upon hearing, the court found that defendant had been convicted as charged, but that the offense was not a felony within the meaning of the Divorce Act, and dismissed the action for want of equity. This appeal follows.

The evidence shows that defendant deserted the United States Army in Germany on or about Novem-

ber 9, 1944, and returned, by devious means to his home in Tower Hill, Illinois, in March 1945, where he lived with plaintiff for about 30 days; on April 26, 1945, he surrendered to military authorities. He subsequently was tried by a general court-martial on the charge of violation of the 58th Article of War (desertion), was convicted and sentenced to be shot to death with musketry, which sentence was later rescinded and there was substituted therefor: dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for life; that the period of confinement was subsequently reduced to 25 years; and that the defendant is now confined in a United States Disciplinary Barracks at a military establishment pursuant to such sentence.

The Illinois statutes provide that where one party to a marriage

"has been convicted of felony or other infamous crime . . . . it shall be lawful for the injured party to obtain a divorce." (Ill. Rev. Stat. 1945, ch. 40, par. 1 [Jones Ill. Stats. Ann. 109.169]);

and that

"A felony is an offense punishable with death or by imprisonment in the penitentiary." (Ill. Rev. Stat. 1945, ch. 38, par. 585 [Jones Ill. Stats. Ann. 37.546]);

and that

"Every person convicted of the crime of murder, rape, kidnaping, willful and corrupt perjury or subornation of perjury, arson, burglary, robbery, sodomy, or other crime against nature, incest, forgery, counterfeiting, bigamy, or larceny, if the punishment for said larceny is by imprisonment in the penitentiary, shall be deemed infamous, . . . ." (Ill. Rev. Stat. 1945, ch. 38, par. 587 [Jones Ill. Stats. Ann. 37.548]).

The 58th Article of War, which defendant was found guilty of violating, provides:

"Any person subject to military law who deserts or attempts to desert the service of the United States shall, if the offense be committed in time of war, suffer death or such other punishment as a court-martial may direct, and, if the offense be committed at any other time, any punishment, excepting death, that a court-martial may direct." (Manual for Courts-martial, U. S. Army, Art. of War 58, App. 1, page 218; U. S. C. A. Title 10, Par. 1530, page 304).

■ With reference to the language in said Article of War "suffer death or such other punishment as a court-martial may direct" the case of *Lamkin v. People*, 94 Ill. 501, relating to an indictment for conspiracy, is pertinent:

"It will be noted, 'A felony is an offence punishable', —that is, absolutely punishable, not that may or may not be 'punishable with death or by imprisonment in the penitentiary', while the offence of which plaintiffs in error are indicted and convicted here shall be punishable by imprisonment in the penitentiary or by fine. Surely it is no more accurate, in view of this language, to say this offence is punishable by imprisonment in the penitentiary than to say it is punishable by fine, and it is impossible to say, under any rule of construction, that we are bound to lay more stress on the language fixing the punishment by confinement in the penitentiary than on that fixing the punishment by fine. On the contrary, the rule of construction applicable here is, unless it clearly appears this offence was intended to be denominated a felony, it shall be denominated a misdemeanor."

■ ■ In our opinion, this case is controlling, and because one deserting is not absolutely punishable by death or imprisonment in the penitentiary but may be meted "such other punishment as a court-martial may direct," the offense is not a felony within the meaning of the Divorce Act. Neither is military desertion nor

any offense of similar nature included in the list of infamous crimes as defined by statute. While this court does not mean to minimize the public scorn and degradation which may result, not only to one convicted of desertion, but to his family as well, whether a particular crime is a felony or is infamous does not depend upon the court's view of the moral aspect of the offense, but upon the statute. (*People v. Green,* 292 Ill. 351.)

Irrespective of the rule set forth in the *Lamkin* case, there are other reasons for the opinion that desertion from military service is not encompassed within the term "felony" as used in the Divorce Act. It is stated in Corpus Juris Secundum that

"The crime of desertion from the army is exclusively a military offense cognizable only by the military courts, and when the desertion is from the United States Army the offense is exclusively against the United States and the federal courts-martial have exclusive jurisdiction thereof." (6 C. J. S. 449.) (See also 36 Am. Jur., pp. 270–271, and Winthrop's Military Law and Precedents, Second Ed., Vols. 1 & 2, Reprint 1920, p. 636);

It has been held that

". . . except in Military Law, desertion is legally unknown to the tribunals of this country. It does not in the contemplation of the civil law reach the grade of a misdemeanor, and no instance is known in which this alleged offense has been the subject of indictment by a grand jury, or of trial in any court of civil or common law jurisdiction." (*Trask v. Payne,* 43 Barb. (N. Y.) 569);

and that "an act of congress authorizing civilians to arrest deserters is in derogation of the common law." (6 C. J. S. 427.)

In *Trask v. Payne, supra,* the court states on the authority of Blackstone (1 Com. 415, Phil. Ed. 1863) that by 18 Hen. VI, Ch. 9, desertion in time of war was made a felony triable before a jury but that this statute had become obsolete at the time of Blackstone's writing, so that in practice, the jurisdiction of the offense was then wholly confined to the military courts.

It should also be noted that

"Courts-martial, while resembling the civil courts in some respects, are yet entirely distinct in their nature from the civil tribunals; the power vested in the military courts is not a part of the judicial power of the United States within the meaning of the constitution, and such courts are not included in the Judicial Department of the government." (6 C. J. S. 440.) (See also 36 Am. Jur. 244.)

A court-martial differs from a civil court in that pleading before a court-martial depends upon military usage; (6 C. J. S. 453); that the verdict of a court-martial is handed down by secret vote of the members of the court itself; (6 C. J. S. 457); that except for conviction and sentence of death the vote need not be unanimous; (*ibid*); that a court-martial may be composed of commissioned officers only; (6 C. J. S. 443); and that the accused should not be tried by a court-martial composed of officers of rank inferior to that of the accused. (6 C. J. S. 444.)

██ In view of these facts, we are of the opinion that the Legislature, in enacting that conviction of a felony or other infamous crime constitutes ground for divorce, contemplated that such conviction be the result of a criminal prosecution wherein the accused, as "in all criminal prosecutions," might perfect his right, guaranteed by article II, section 9, of the Illinois constitution, to "public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Such right of the accused to

jury trial in all criminal cases, clearly including prosecution for felony or other infamous crime, is absolute. (*People v. Fisher,* 340 Ill. 250; *People v. Scornavache,* 347 Ill. 403; and Ill. Rev. Stat. 1945, ch. 38, par. 736 [Jones Ill. Stats. Ann. 37.723].)

It is not the policy of the law to favor divorce (*Decker v. Decker,* 193 Ill. 285), and the Supreme Court has held that the divorce statute will be given a strict rather than a liberal construction (*Floberg v. Floberg,* 358 Ill. 626; *Winning v. Winning,* 366 Ill. 57), because the public has an interest in the marriage status, its continuance and its dissolution. (*Tripp v. Payne,* 339 Ill. 178; *Trenchard v. Trenchard,* 245 Ill. 313; *Johnson v. Johnson,* 381 Ill. 362.)

For the reasons stated above, we hold that conviction by court-martial for desertion from military service in time of war is not a "felony or other infamous crime" within the meaning of the Illinois Divorce Act. The judgment of the circuit court is therefore affirmed.

*Affirmed.*