In Matter of Petition of Lawrence L. Miller and Eleanor Miller, His Wife, To Adopt Robert Isaac Miller, a Minor.

Lawrence L. Miller and Eleanor Miller, his wife, Petitioners-Appellees, v. Isabelle Miller, also known as Belle Miller, Defendant-Appellant.

Gen. No. 47,164.

First District, Third Division.

November 6, 1957.

Released for publication December 18, 1957.

Irving Eisenman, and Irving Goodman, of Chicago, for appellant.

Joseph H. and Norman Becker, and William Levine, of Chicago, for appellees.

JUDGE BRYANT delivered the opinion of the court.

This is an appeal from a decree of the County Court of Cook county granting the petition of Lawrence L. Miller and Eleanor Miller, his wife, to adopt Robert Isaac Miller, a minor. The only defendant, who is the appellant, was Isabelle Miller, also known as Belle Miller, the mother of the minor son. She will be hereinafter more often referred to as the defendant.

Robert Isaac Miller was a young man, nearing his 21st birthday at the time of the proceedings. The petitioner Lawrence L. Miller was, at the time of filing the petition, already the adoptive father of Robert Isaac Miller, the minor. Eleanor Miller is the present wife of Lawrence L. Miller, the adoptive father of the minor, and Isabelle Miller, also known as Belle Miller, the mother of the minor, is the adoptive mother of the minor—she and Lawrence L. Miller, the petitioner, having been husband and wife at the time of the original adoption of Robert Isaac Miller when he was eight days old.

The petition for adoption, filed on July 23, 1956, alleges that the petitioner Lawrence L. Miller is the father of the child, has legal custody of the child pursuant to an order of court on February 13, 1947 in a divorce proceeding between Belle Miller, the defendant, and Lawrence Miller, the petitioner, and that the

child has lived continuously in the home of the petitioners—both of them, since the 13th day of February, 1947, the date on which the custody of the minor was vested in the petitioner Lawrence L. Miller; that Isabelle Miller, otherwise known as Belle Miller, is unfit to have said minor child for the reason she deserted and abandoned said child on February 13, 1947.

The minor, being more than 14 years of age, consented to his adoption by the petitioners. The defendant Isabelle Miller, otherwise known as Belle Miller, entered her appearance by her attorney on August 16, 1956, and on August 23, 1956 filed her answer to the petition for adoption. She denied the allegation that she was an unfit person to have the minor child for the reason that she had deserted and abandoned the child on February 13, 1947, and also denied that she had so deserted and abandoned the child; she admitted that she was the mother of Robert Isaac Miller, a minor, and as to all other allegations she demanded strict proof. The decree of adoption, entered on November 16, 1956, found that the minor Robert Isaac Miller was born on February 17, 1936; that he filed his written consent to the adoption; that Lawrence Miller, the petitioner, was the father of said minor; that the minor had resided in the home of both petitioners continuously since the 13th day of February 1947, and that the cause for said adoption "is the marriage of the petitioners and the love and affection they bear to said minor child and the love and affection said minor child bears to said petitioners." The decree also found that both Lawrence L. Miller, the father and Isabelle Miller, also known as Belle Miller, the mother, were of lawful age and under no legal disability; that the petitioners were reputable people, of good moral character and financially able to rear and maintain the minor child, and that the allegations of the petition are true and proven and that it is for the

335

best interest of said minor that the adoption be allowed. It is from this decree of November 16, 1956 that the present appeal is prosecuted.

It appears from the record that after the minor child Robert Isaac Miller was adopted by the petitioner Lawrence L. Miller and the defendant, in February 1936, they lived as a family unit until about September 26, 1939, when a decree of divorce was entered and the custody of the minor child was given to his mother. It also appears that from 1939, at the time of the divorce, until the fall of 1944 the minor lived with the defendant and that he was supported by his father, Lawrence L. Miller, and was frequently in his company. During the latter part of that period the defendant Isabelle Miller had discipline problems with the minor Robert Isaac Miller, and the minor was placed in a boarding school—the Todd School. He remained in Todd School for Boys until sometime in the year 1946, when he was 10 years old, and he ran away from that school and came to the home of his father, Lawrence L. Miller, one of the petitioners, who had married Eleanor Miller, the other petitioner, and that he has lived in that home until the present time.

In February 1947 an order was entered in the divorce proceeding, after consultation between Lawrence L. Miller and Belle Miller and their counsel, giving custody of the child to the father Lawrence L. Miller and giving certain rights of visitation to Belle Miller. During the years 1947, 1948, 1949 and 1950 Belle Miller saw the minor in accordance with the understanding of the parties and the order of court. In 1951 the defendant Isabelle Miller left the jurisdiction of the State of Illinois to seek a better opportunity in employment in Washington, D. C., where she remained for a short period of time, when she moved to New York City, where she now resides. She has evidenced no intention of returning to this state. Since that time

she has been in occasional but not frequent contact with the minor, has written him only a few letters and telephoned him on a few occasions. He has visited her at least once in New York for a few days, but the contacts have not been such as would indicate an assumption of normal maternal relationship to a son.

Since 1946, when the minor ran away from the Todd School and joined the household of his father, Lawrence L. Miller, and his wife, Eleanor Miller, he has lived continuously in that family circle, which included two other children—the children of Eleanor Miller by a former marriage, who in recent years were adopted by Lawrence L. Miller and Eleanor Miller, petitioners. No question is raised in regard to the home of the petitioners being a proper environment, or the petitioners themselves being proper persons to be the parents of the minor, and all the evidence in the record indicates that the home is an excellent home and that the parents are devoted and loving parents to the minor.

The minor himself took the stand. He was approaching his 21st birthday. He was attending the University of Illinois. He told of his happy home life with the petitioners. He said that he wanted to be adopted by the petitioners so that the family would be a complete unit and he would not feel that he was in a sense a foster child but would be really and truly the brother of his adopted brother and sister, with whom he had grown up. He also said that he wished to be adopted because of the love and affection which he bore to both of the petitioners. He indicated that he had little affection for his first adoptive mother, the defendant herein. He said that the affection which he had had for her had started to diminish materially during the last two or three years she was in Chicago, when he was compelled under court order to visit her at the Croydon Hotel, where she then lived—she having given

337

up her apartment in which they had lived together prior to his going to Todd School. His desire to be adopted by the petitioners was subject to no deviation.

Chapter 4, Article 7, paragraph 3, Illinois Revised Statutes, 1955, provides that the act relating to the adoption of children shall be liberally construed.

The Supreme Court of the State of Illinois in Cooper v. Hinrichs, 10 Ill.2d 269, 275, said: "In adoption cases in this jurisdiction, although we have insisted upon compliance with the jurisdictional requisites, the polestar in all such cases has always been the welfare and best interests of the child."

In Illinois it has been repeatedly held that in adoption matters abandonment occurs and is evidenced by any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. People ex rel. Bowdry v. Bowdry, 324 Ill. App. 52. This definition is, in fact, the majority rule in the United States. The case from which that doctrine springs (Winans v. Luppie, 47 N. J. Eq. 302, 304) explains the rule by saying that abandonment does not necessarily imply that the parent has deserted the child, or even ceased to feel any concern for its interests.

After the agreed order entered in the divorce proceeding in 1947, when by that agreement of the petitioner Lawrence L. Miller and Belle Miller, and their attorneys, custody was transferred from Belle Miller to Lawrence L. Miller, the only maternal duties and privileges remaining to Belle Miller were the right of weekly visitation by the minor Robert Isaac Miller and her custody of and companionship with him during these visits. Obviously, when Isabelle Miller left this jurisdiction in 1951 to go to Washington, D. C., and later to go to New York City, she abandoned the rights and privileges of visitation. Since that time she has evinced no intention to return to this jurisdiction. Any

interest which she showed in the minor after that time—in writing to him, in attending his graduation, in telephoning him (infrequently and occasionally)—is not inconsistent with the intent, evidenced by her actions, to abandon her maternal duties and claims.

We cannot agree with the contention of the defendant that the County Court confused the question of adoption with custody. We think the record is explicit that the County Court understood that distinction and made his decision in accordance therewith and in accordance with the law.

 The petitioners-appellees filed a motion to dismiss this appeal on the ground that the question of the validity of the adoption was moot because the adopted minor had, during the pendency of the appeal, reached his majority. That motion and the appellant's countersuggestion were taken with the case. The petition for the adoption was filed on July 23, 1956. The decree was entered on November 16, 1956. The minor reached his majority on February 17, 1957. An adoption decree does more than fix the custody of the minor. It establishes the relationship of parent and child and would therefore affect the rights of the petitioner Eleanor Miller and of the defendant-appellant in regard to the right to support, as well as the duties and obligations of the minor. All rights, duties and obligations flowing out of the parent-child relationship after majority were affected by the decree. The motion to dismiss is denied.

The decree of the County Court of Cook county will be affirmed.

Affirmed.

BURKE, P. J. and FRIEND, J., concur.