Richard L. Huber, Plaintiff-Appellee, v. Shirley Huber, now Shirley DeSandre, Defendant-Appellant.

**Gen. No. 11,363.**

Second District, First Division.

May 31, 1960.

Barash and Stoerzbach, of Galesburg, for appellant.

Herman S. Allen, of Galesburg, for appellee.

McNEAL, P. J.

On December 29, 1958, the defendant, Shirley Huber, now Shirley DeSandre, petitioned the Circuit Court of Knox County to modify a decree of divorce entered on July 11, 1950. The decree awarded custody of her two children to their father, Richard L. Huber. Petitioner prayed for custody of the children or for other relief. On July 10, 1959, the court found that she had forfeited her rights to custody and also her visitation privileges, and decreed that her petition be denied. From the portion of the decree which denied visitation privileges, defendant appeals.

Plaintiff and defendant were married at Galesburg, Illinois, on May 11, 1946. Two children were born of the marriage. On February 13, 1949, while the parties and their children were living in Chicago Heights, defendant deserted her husband and children. Three or four days later he found out that she had gone to Florida. He got a car and went to Florida and tried to get her to come back to Illinois to take care of the

children, but she refused. A week or two later he and the children returned to Galesburg. She remained in Florida about three months and then came back to Illinois.

On March 28, 1950, plaintiff filed a complaint for divorce, alleging that defendant deserted him on February 13, 1949, without cause or provocation, and that the desertion continued until the filing of the complaint. Jurisdiction of the defendant was obtained by publication. A decree of divorce was entered on July 11, 1950. The decree found that defendant was guilty of desertion and that the children, a boy then two years old and a girl three, were in the custody of plaintiff and cared for by his sister. The decree awarded plaintiff the care, custody and control of the children, but made no provision for visitation by defendant.

Defendant and Alex DeSandre were married on October 7, 1951. By this marriage they have had three children: a boy six years of age, a girl four, and a baby two. They live at Steger, Illinois. Plaintiff, Richard Huber, was remarried in 1950, and divorced from his second wife in 1953. He married his third wife on April 17, 1954, and they took the boy and girl involved in this proceeding on July 3, 1954, and have made a home for them since that date.

█ Appellant's first contention that the original decree entered in 1950 was erroneous because it made no provision for visitation privileges, is untenable. The notice filed in this case in 1959 appeals only from the order entered on July 10, 1959, and gives us no jurisdiction to review errors in the original decree.

Appellant's second contention is that the trial court's denial of visitation privileges is inequitable, unjust, erroneous and against the weight of the evidence. The record shows that after the mother went to Florida in 1949 she made no effort to contact her

husband or to locate the children until the spring or summer of 1951, when she called friends of her husband in Galesburg. He learned of the inquiry and made a trip to Chicago Heights with the two children to see his former wife and asked her to come back to him. She refused because she was then going with her present husband. She next saw the children on July 4, 1953, when he took his mother and the two children to visit defendant's mother in Aurora. Defendant and her present husband happened to visit her mother at the same time and she saw the two children on that occasion. Thus, in about ten years, defendant visited her children on only two occasions.

Defendant testified that she tried to write to the children but her letters were returned, and that she was not able to locate her husband. Such efforts on her part were considered by the trial judge. In his opinion, which appears in the report of proceedings, the judge concluded that the circumstances do not bear out any sincere effort on her part to locate either her former husband or the children. The judge said these circumstances are: "Undoubtedly she was aware of the fact that a divorce had been granted in Knox County. This case so far as the children were concerned, was a pending matter. The same attorney who appeared for her husband in the first instance in securing the divorce, continued to have his appearance of record, and now appears to resist her petition. Despite these facts, she made no effort through the pending court proceedings to locate either her former husband or the children, or to take any steps directed toward that end. In addition, she was aware of the fact that her husband was a native of Galesburg and that he had a mother, sister and brother living in Galesburg. . . . Although she insists that she tried to contact her former husband's relatives, her efforts, if so made as she says, appear to be rather meager

if she was directly concerned about the whereabouts and welfare of the two children. Custody and visitation rights can be forfeited and lost. In Illinois, when a parent is guilty of conduct which evinces a settled purpose to forego all parental duties and relinquish all parental claims to a child, that parent is regarded as having abandoned the child. Hill v. Allabaugh, 333 Ill. App. 602, 78 N.E.2d 127; In re Petition of Miller, 15 Ill.App.2d 333, 146 N.E.2d 226; Stalder v. Stone, 412 Ill. 488, 107 N.E.2d 696. . . . Any interest which defendant showed in these children after 1949, giving defendant's testimony full value as to effort made by her to locate the children, is not inconsistent with the intent, evidenced by her actions, to forego her maternal duties and claims."

In his decree the trial court found that petitioner had forfeited her rights to custody and visitation privileges, and also that the children are well taken care of by respondent and his present wife and should not now be disturbed in this home life. With reference to her care and concern for these children during the past five years, the present Mrs. Huber testified that they seem just like her own, and that she and respondent are trying to adopt them. Respondent testified that petitioner never made any effort to see the children until he started the adoption proceedings. It is evident from the record that the plaintiff and his present wife have established and maintained a good home for these children during the past five years.

In People v. Weeks, 228 Ill. App. 262, the mother died at the child's birth. When the child was two years of age the father placed the child in several homes and finally in the home of an aunt where the child remained for nine years. The father remarried, but he continued to visit the child and to pay various sums for the child's care. In reversing a trial court order returning the child to the father's custody, the

211

Appellate Court, quoted from People v. Porter, 23 Ill. App. 196, as follows:

> "In controversies of this character, three matters are to be regarded: the rights of the parent, the rights and interests of the person or persons to whom the care and custody of the infant child has been given by the parent, and the welfare of the child; and of these three the last mentioned is the matter of primary and paramount importance. The father is prima facie entitled to the custody of his minor child, but he may forfeit the right by misconduct or voluntarily relinquish it. If . . . a contention arises in the courts with reference to such relinquishment, much will depend upon the characters and habits of the contending parties, the fact whether the reclamation is sought within a short time or after a lapse of years, and the circumstances of the particular case. All other considerations, however, will be subordinated to the interest and welfare of the child."

More recently our Supreme Court held in Giacopelli v. Florence Crittenton Home, 16 Ill.2d 556, 565, 158 N.E.2d 613, that the parent's natural rights must give way to the welfare and best interest of the child.

After a careful examination of the record in this case and the cases cited in the opinion of the trial judge, we are inclined to agree with his conclusions of fact and views of the law that petitioner abandoned these children and thereby forfeited her custody and visitation rights. We cannot say that the judge's denial of petitioner's visitation privileges was inequitable, unjust or erroneous. On the contrary, we are inclined to agree that his decision in this regard is probably for the best interest and welfare of the children involved. The girl is now twelve years of age

and the boy is eleven. During the past five years they have acquired a good home as a result of the efforts of plaintiff and his present wife. Naturally there is considerable conflict between those who are providing a home for these children and the petitioner. Under these circumstances, visits with her may produce discord between the children and the persons now caring for them. To furnish petitioner an opportunity to sow seeds of discontent in these children might disrupt their established home life and that result would not be for their best interest and welfare.

Finally the trial judge had the best opportunity to observe the parties and their conduct while testifying. He saw the witnesses and heard them testify and was in a much better position than we are to determine their credibility. His findings should not be disturbed by a court of review unless it is apparent that such findings are palpably against the weight of the evidence or that clear and palpable error has been committed. Giacopelli v. Florence Crittenton Home, 16 Ill.2d 556, 566, 158 N.E.2d 613; Zimmerman v. Zimmerman, 242 Ill. 552, 559, 90 N. E. 192. The decision of the trial judge denying petitioner visitation privileges was not against the weight of the evidence. Accordingly, the decree of the Circuit Court of Knox County is affirmed.

Affirmed.

DOVE and SPIVEY, JJ., concur.