GEORGE E. TOWNSEND et al., Plaintiffs-Appellees, v. EDWARD C. CURTIS et al., Defendants-Appellants.

(No. 73-103;

Third District—November 9, 1973.

William H. Dailey, of Moline, (Robert R. Mensing, of counsel,) for appellants.

Marshall Douglas, of East Moline, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a decree of adoption entered in the Circuit Court of Rock Island County, by the terms of which Darren Lee Curtis, the child of plaintiff Christine M. Townsend and of defendant Edward C. Curtis, was declared to be the adopted child of the plaintiffs George E. Townsend and Christine M. Townsend.

The record discloses that defendant Edward C. Curtis and plaintiff Christine (Curtis) Townsend were formerly husband and wife. Prior to their divorce, defendant was imprisoned following conviction of a felony. The minor child, Darren Lee Curtis, was thereafter born to plaintiff, then Christine Curtis. Shortly thereafter plaintiff divorced the defendant. The divorce decree provided that plaintiff Christine, had a responsibility for care and support of the child.

Following the divorce and plaintiff's remarriage to George E. Townsend, defendant Edward C. Curtis made a few attempts to secure information with respect to the child but apparently ceased to have any contact with the minor child and did not in fact have any further contact with the child. After plaintiff had married George E. Townsend, the parties filed a petition to adopt the child as their own. Defendant was served with summons while in the Illinois State Penitentiary and retained counsel to represent his interest at a hearing on the merits.

It appears that when the child was first born, defendant Curtis sent a small sum of money, on one or two occasions, to Christine's sister for the child, Darren, but that the mother Christine told her sister to send it back to defendant Curtis. It appears that defendant occasionally sent a postal card to the minor child. The issue before the trial court, therefore, was whether the record in the case was sufficient to warrant the decree of adoption. The petition asserted the defendant was an unfit person within the meaning of the statute and that the decree of adoption should be entered. Under the provisions of Chapter 4, § 9.1—8 1971 Ill. Rev. Stat., it is expressly provided that consents in adoption cases are required in all cases from the parents "unless the person whose con-

sent would otherwise be required shall be found by the court to be an unfit person as defined in Section 1 * * *". In Section 1 of the Act, an unfit person is defined to mean "a person who is guilty of abandonment of the child" or "desertion of the child for more than three months next preceding the commencement of the adoption proceeding". It is the contention of appellant Curtis that a finding of unfitness by reason of abandonment or desertion was against the manifest weight of the evidence in the instant case.

■■ Under the law of this State, while abandonment and desertion may seem similar, it has been determined that the legislature, in making each a ground for unfitness, has recognized some difference between them. (*Stalder v. Stone*, 412 Ill. 488, 107 N.E.2d 696; *Hill v. Allabaugh*, 333 Ill.App. 602, 78 N.E.2d 127.) The petitioners in an adoption proceeding are required to establish that there is either consent to the adoption or that consent is not required because a person whose consent would otherwise be required is "unfit". (*Robinson v. Neubauer*, 79 Ill.App.2d 362, 223 N.E.2d 705.) It is also said that any abandonment of a child by a parent amounts to desertion but that every desertion of a child does not necessarily amount to abandonment. *Thorpe v. Thorpe*, 48 Ill.App.2d 455, 198 N.E.2d 743.

■■ Various standards are applicable in our sister states, with respect to the requirement of consent of a natural parent. In 2 American Jurisprudence 2d, *Adoption*, § 28, Note 4, p. 884, it is stated that in most courts where custody and control of a child is absolutely and unconditionally granted to one of the parents, the consent of the other parent is not required. (See Annotation 47 A.L.R.2d 830-847.) It is also clear that when a parent, by his neglect of his child or his conduct toward it, or by reason of other circumstances forfeits his parental rights, a State may provide for adoption of the child without consent of the parent. (2 Am. Jur. 2d *Adoption*, § 29, Note 6, p. 884.) Even in Illinois by a recent amendment to the Adoption Act, the definition of an unfit person includes "failure to maintain a reasonable degree of interest, concern, or responsibility to the child's welfare." (1973 Public Act 78-854.) However, these general principles, while indicating certain parallel considerations, did not apply in this State at the time of determination of the instant case. A showing was required to be made in Illinois that the defendant is "unfit" under Section 1 of the Adoption Act in some way before his consent could be dispensed with. In *Huber v. Huber*, 26 Ill.App.2d 207, 167 N.E.2d 431, the court declared that adoption may be granted for statutory grounds where it appears that a parent is guilty of conduct which showed a settled purpose or intention of foregoing any claim to the child. The adoptive mother in that case still occasionally visited with the child

and occasionally wrote and telephoned the child. The court did not, however, consider this to be a sufficient level of interest to warrant interference with the decree of adoption entered in that cause. (See also: *Hill v. Allabaugh*, 333 Ill.App. 602, 78 N.E.2d 127.) The welfare of the child is also considered a very important element in the adoption proceedings. *Thorpe v. Thorpe*, 48 Ill.App.2d 455.

■■ In the case of *Smith v. Andrews*, 54 Ill.App.2d 51, 203 N.E.2d 160, the record disclosed that the father was convicted of a crime. The court agreed that such evidence could be submitted on the subject of fitness of that parent in the adoption proceedings. It should be clearly understood, however, that conviction of a felony alone is not a statutory ground for adoption without the consent of a natural parent. (*Getz v. Getz*, 332 Ill.App. 364, 75 N.E.2d 530.) While we do not have in the record in the instant case, any specification of the nature of the crime of which defendant was convicted, appellee points out that defendant committed the voluntary acts which caused him to be placed in prison. He was convicted and imprisoned prior to the time the child was born and had no contact with the child after the child was born, other than previously referred to. Defendant contends that the fact that he has not contributed toward support of the child is not material because the divorce decree provided that the care, custody and responsibility for taking care of the child was placed in the mother. In essence, it is recognized that the adoption proceeding is one in which the court had the right to consider the conduct of defendant and his actions toward the child and whether there was any evidence upon which the court could base the finding of unfitness of defendant under the terms as specified in the statute. Other than as referred to herein, there was no evidence on part of defendant as to concern for the child, who is now 5 years of age.

■■ As we have frequently observed in cases on review, we are not confronted with a review of the case for the purpose of determining whether we, under similar circumstances, would make the same finding as did the trial court. It is settled appellate procedure that the finding of the trial court will not be disturbed unless it is palpably against the weight of the evidence. Although we may individually have come to a contrary conclusion, under the facts and circumstances and the record as presented in this case we cannot conclude that the finding of the trial court was clearly contrary to the manifest weight of the evidence.

The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.