(No. 47161

*In re* ESTATE OF HATTIE GERBING.—(Frank Gerbing, Jr., Appellant, v. Katherine Grigg *et al.*, Appellees.)

*Opinion filed Sept. 26, 1975.—Rehearing denied Nov. 21, 1975.*

504

Alice M. Bright, George A. Platz, James J. Carroll, and Robert A. Malstrom, of Sidley & Austin, of Chicago, for appellant.

James H. Canel, of Canel & Canel, of Chicago, for appellees Katherine Siebold Grigg, Robert Grigg, and Scott Grigg.

Jack Joseph, of Joseph & Friedman, of Chicago, for appellee Exchange National Bank of Chicago.

MR. JUSTICE RYAN delivered the opinion of the court:

The will of Hattie Gerbing was admitted to probate in the probate division of the circuit court of Cook County, and her son, Frank Gerbing, Jr., was appointed executor. He later filed a petition with the court praying for instructions and directions concerning a trust provision in the will. The petitioner alleged that he believed that the trust created by the will may be contrary to public policy and void as an inducement to obtain a divorce. The contingent beneficiaries of the trust were served with summons. They filed a reply to the petition for instructions denying the invalidity of the trust and prayed that a trustee be appointed and the assets of the trust distributed

to the trustee according to the will. The court declared the trust to be valid and directed the executor to make distribution. Thereafter, Frank Gerbing, Jr., individually, and as executor, filed motions to vacate the order. The motions were denied. Frank Gerbing, Jr., individually appealed. The appellate court held the trust partially invalid, reversed the trial court and remanded the cause for further proceedings. (22 Ill. App. 3d 454.) We granted the petition for leave to appeal filed by Frank Gerbing, Jr., individually.

The questioned provision of the will is found in article 4.4 and reads as follows:

"4.4   In the event my said son's wife, ARLIE GERBING predeceases my son, FRANK GERBING, JR., or in the event ARLIE GERBING and FRANK GERBING, JR. are divorced and remain divorced for a period of two (2) years, then in either event this trust shall terminate and my trustee is directed to pay, turn over and deliver the remaining principal of the trust property and all accrued dividends or interest accumulated thereon to my said son. In the event my son, FRANK GERBING, JR., predeceases his wife, ARLIE GERBING, then I direct my trustee to deliver the remaining principal of the trust property together with all accrued or undistributed net income therefrom to my sister, KATHERINE SIEBOLD GRIGG, if she survives my said son. If my said sister predeceases my son, FRANK GERBING, JR., then upon the death of my said son, I direct my trustee to deliver the remaining principal of the trust property and all accrued or undistributed net income therefrom to ROBERT GRIGG, if living, or if ROBERT GRIGG is not living at that time, to his children living at the date of the death of FRANK GERBING, JR., share and share alike."

The appellate court held that the provision of the trust providing for its termination upon divorce is void as against public policy. However, it held this invalid provision separable from the remainder and held the condition for the trust's termination upon the death of Frank's wife valid. The appellate court resolved the issue by deleting from the will the provisions terminating the trust on the

condition of divorce and declaring the remainder of article 4.4 of the will enforceable.

Before considering the appellant's contention we must dispose of issues raised by the appellees. They contend here, as they argued in the appellate court, that by virtue of the fact that Frank is executor of the estate, he should be estopped from prosecuting this appeal as an individual. In the trial court the appellees had filed a motion to remove the executor, but the court, after finding "as a matter of law" that the trust was valid, declared the issue of the removal of the executor moot.

In a suit contesting a will it is the statutory duty of an executor to defend the will. (Ill. Rev. Stat. 1973, ch. 3, par. 93.) In a suit to construe a will the executor is not in the position of defending the will. He is maintaining an action to construe a will and have the duties that are imposed by the will defined by the court. The fact that he is personally interested as a devisee or legatee or otherwise does not preclude an executor from suing for a construction of the will although the final construction may adjudicate his rights as a beneficiary under the will. (96 C.J.S. *Wills* sec. 1083 (1957).) In fact, in this case, Frank Gerbing, Jr., is a proper party to the construction suit both as the executor of the estate and individually. (96 C.J.S. *Wills* sec. 1088(a) (1957).) As a party to the proceeding in his individual capacity he had the right to perfect an appeal from the order of the circuit court. (Ill. Rev. Stat. 1973, ch. 110, par. 81.) Also, as an executor, he was interested in having a correct decision in the case and had a right to appeal for the purpose of securing a proper construction of the will. (*Bennett v. Bennett,* 282 Ill. 266, 277.) In this case he appealed in his individual capacity.

When it became apparent that one result in the litigation would prove to be more beneficial to Frank personally than another he should have temporarily been replaced as executor until the conflicting issues were finally determined. The position contrary to that for

which he contends has been thoroughly briefed by the appellees. This case was decided in the trial court solely on the pleadings and by construction of the instrument itself. The case has been presented to the appellate court and to this court on the same basis. Under these circumstances we see no reason to deny Frank Gerbing, Jr., individually, the right to have the decision of the trial court passed upon by a court of review.

The appellees also argue that the testator's intent was not to induce her son to procure a divorce but that she was attempting to provide for his well-being. They contend that the condition is therefore valid. With this we do not agree. We have only the will from which to ascertain the testator's intent. The will does not establish such an innocent motive.

In Illinois public policy as revealed by the decisions of this court holds that a condition annexed to a devise or bequest, the tendency of which is to encourage divorce or bring about a separation of husband and wife is against public policy, and the condition is void. (*Winterland v. Winterland,* 389 Ill. 384, 386; *Tripp v. Payne* 339 Ill. 178, 183; *Ransdell v. Boston,* 172 Ill. 439, 445; see also Restatement of Property sec. 427 (1944); Annot., 14 A.L.R.3d 1219 (1967).) Of course, if the dominant motive of the testator is to provide support in the event of such separation or divorce the condition is valid (Restatement of Property sec. 427 (1944).) Although, as indicated later in this opinion, the will reveals the testator's intent to provide for her son, it does not show that the purpose of article 4.4 of the will is to provide for his support in case of divorce. In *Ransdell v. Boston* this court held in a case where both the separation of the husband and wife and the action for divorce took place prior to the execution of the will that the condition in the will did not tend to encourage either the separation or the bringing of the divorce suit and therefore was not void. No one has urged that the facts were such in this case as to make the

exception to the general rule announced in *Ransdell* applicable.

It has been said that the vice of such a condition as that contained in this will is not so much that it will encourage a wronged husband or wife to seek the remedy of divorce provided by law "as that it tends to aggravate normal differences until they assume serious proportions and supply the grounds for divorce." (6 American Law of Property sec. 27.18, at 669 (1952).) Plainly the condition in article 4.4 is capable of exerting such a disruptive influence upon an otherwise normally harmonious marriage. We therefore hold, as did the appellate court, that the condition is void as against public policy.

The appellate court, after finding the divorce condition of article 4.4 void, found the conditions separable, excised the void condition from the will and held the provision creating a trust, the duration of which is measured by the life of Frank's wife, valid and enforceable. In arriving at this conclusion the court relied upon the decision of this court in *Winterland*. It acknowledged that this court in *Tripp* declared a similar provision void in its entirety.

The appellant contends that the entire trust must be construed as one scheme and that its provisions are inseparable. Since the provision terminating the trust on the condition of divorce is void, the appellant insists that the entire scheme is void. The appellant argues that the trust provision, with its two conditions, had for its sole object the furtherance of a scheme to separate Frank from his wife and is thus contrary to public policy and totally void.

The two conditions, the happening of either of which would vest title to the corpus of the trust in Frank were both necessary parts to the fulfillment of the testator's scheme to prevent her son from acquiring the property as long as he was married to his wife. It is obvious from article 4.4 of the will that the testator intended to deprive

her son of the ownership of this property as long as he remained married to his wife. The fact that the opinion of the appellate court held the divorce condition void and enforced the other condition does not remedy the evil of the void condition. The message was clearly communicated to Frank by the conditions of article 4.4 of the will that were he not married to his wife the property would pass to him directly. The continued enforcement of the valid condition under these circumstances generates the same hostile atmosphere as did the void condition. It also will tend "to aggravate normal differences until they assume serious proportions and supply the grounds for divorce." (6 American Law of Property sec. 27.18, at 669 (1952).) By enforcing the valid condition, that which was sought to be accomplished by the void condition (depriving Frank of the property as long as he remains married to his wife) is accomplished. In fact it is accomplished to an extent that clearly violates the expressed intent of the testator. In the event Frank's marriage is terminated by divorce the testator clearly intended that title to the property vest in Frank. By enforcing the valid condition Frank is deprived of the property until the death of his wife even though he may be divorced from her for many years prior to her death. We do not believe the testator would have created a trust that produced these results. The two conditions are part of the same scheme and so closely connected that it cannot be said that the testator would have created the trust with the valid condition without the provisions for an earlier vesting of title in her son upon the happening of the void condition. We find the two provisions inseparable, and both must fail.

What then is the effect of declaring both conditions void? This court held in *Tripp* that the entire trust must fail, and the property in *Tripp* passed as intestate property. In light of later authority we feel this holding should be re-examined. In examining the question we do not intend to become involved in the condition subsequent as

opposed to condition precedent dichotomy. (See Browder, *Illegal Conditions and Limitations: Effect of Illegality*, 47 Mich. L. Rev. 759 (1949); 6 American Law of Property secs. 27.22, 27.23 (1952).) An arbitrary resolution of the question of whether the gift should vest in the beneficiary or should be defeated depending upon whether the void condition is a condition subsequent or a condition precedent in many instances would reach results contrary to those intended by the testator.

We are concerned in this case with a void condition precedent to the vesting of title to the property in Frank. It has been stated that "[i]n the United States the authorities on the effect of holding a condition precedent to be illegal are not entirely clear. The modern tendency *** is to give effect as far as possible to the intention of the settlor rather than to attempt to lay down artificial rules." (1 A. Scott, Law of Trusts 640 (3d ed. 1967).) We perceive that we must attempt in this case to ascertain from the four corners of the will whether the testator intended that the gift to her son fail completely or vest absolutely upon the declaration that the divorce condition is void. "Insofar as there is any inference either way, we believe that the inference is that the [testator] would have intended that the gift should be absolute rather than it should fail altogether; that the gift is absolute unless it appears from all the circumstances that the [testator] would probably have desired that if the condition should be illegal the gift should fail altogether." 1 A. Scott, Law of Trusts 641 (3d ed. 1967).

The American Law Institute, in 1 Restatement, Second, of Trusts sec. 65, Comment (*f*), in discussing illegal conditions precedent, arrives at a similar conclusion and states that where the settlor of a trust manifests an intention as to the disposition to be made in case the condition should be illegal, his manifestation of intention determines whether the beneficiary is entitled to the interest even though the event does not happen, or is not

entitled to the interest even though the event happens. The Restatement further suggests that where, as is ordinarily the case, the settlor has made no provision as to what should happen if the condition should be held illegal the beneficiary is entitled to the interest whether or not the event happens unless it appears that it would probably have been the intention of the settlor that if the condition should be illegal the interest of the beneficiary should fail altogether. The earlier Restatement of the Law of Property took the position that the restraint alone is stricken and the gift becomes absolute without giving consideration to the intention of the testator. (4 Restatement of Property sec. 424, at 2479 (1944).) The later rule of the Restatement, Second, of Trusts, by attempting to give effect to the intention of the testator, will achieve equitable results.

We above considered the intent of the testator in determining whether the two conditions were separable and concluded that both were part of one scheme and were inseparable, contrary to the opinion of the appellate court. We now consider the broader question of what the testator intended the effect of the illegality of the conditions should be as to the vesting or failure to vest in Frank of the corpus of the trust estate. Although the will makes no specific reference to such an event the entire will speaks clearly of the testator's confidence in her son and her intent to provide adequately for him. In fact the will manifests this desire to provide for Frank's well-being as its primary intent. Article 2 of the will gives to Frank all the testator's jewelry, silverware, and personal and household items. Article 4 places all of the residue of the estate in trust with the entire net income to be paid to Frank. He is also given the discretion to request a limited invasion of the corpus of the trust each year. In addition to the amount requested by Frank the trustee is given the authority to pay to him such additional amounts as it may consider necessary or desirable for his comfortable maintenance, including reasonable luxuries. Frank is also given

the right to name successor trustees, and in article 5 of the will he is named co-executor of the estate.

While article 4.4 of the will clearly expresses the testator's desire to deprive Frank's wife of any chance to benefit from her estate, it is our opinion, gathering the testator's intent from the entire will, that had the testator known that the conditions were void she would have preferred to have absolute title vest in her son rather than to have the gift fail. We therefore hold that the conditions providing for the termination of the trust upon divorce or upon the death of Frank's wife are void and that the title to the corpus of the trust vests in Frank Gerbing, Jr., as though the testator had made the gift to him absolute, unincumbered by any conditions precedent. To the extent that *Tripp v. Payne,* 339 Ill. 178, and *Winterland v. Winterland,* 389 Ill. 384, are inconsistent with the holding of this case, those cases are expressly overruled.

The holding of the appellate court that the divorce condition of article 4.4 of the will is void is affirmed. The holding of the appellate court that the void condition is separable and enforcing the condition that the title vests in Frank if he survives his wife is reversed. The cause is remanded to the circuit court of Cook County to proceed with the administration of the decedent's estate in accordance with the views expressed herein.

*Affirmed in part and reversed in part and remanded, with directions.*